# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 15, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| CANDY F. HALL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-681V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

<u>Carol L. Gallagher</u>, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for petitioner.
<u>Ryan D. Pyles</u>, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 9, 2016, Candy F. Hall ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (2012).[2] Petitioner alleged that as a result of receiving a trivalent influenza ("flu") vaccine on or about September 29, 2014, she developed transverse myelitis and related sequelae, with residual effects lasting for more than six months.

On September 20, 2016, respondent recommended against compensation. Rule 4(c) Report (ECF No. 12). After petitioner filed an expert report, respondent indicated that he was amenable to negotiating a potential informal resolution of the case and that he had solicited a demand from petitioner. Petitioner's Exhibit 14, filed November 1, 2016 (ECF No. 13); Respondent's Unopposed Motion to Amend Schedule, filed January 18, 2017 (ECF No. 14).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

The parties subsequently obtained life care planners and explored settlement. On December 5, 2017, the parties reached a stipulation recommending that compensation be awarded to petitioner, which I approved the same day. Stipulation Decision (ECF No. 34). Petitioner is therefore entitled to an award of reasonable attorneys' fees and costs incurred in any proceeding on the petition. Section 300aa-15(e).

On December 7, 2017, petitioner filed her motion for attorneys' fees and costs. Petitioner's Motion (ECF No. 38). Petitioner included her signed statement that she did not pay any attorneys' fees or costs to counsel, pursuant to General Order #9. Petitioner's Motion, Exhibit D. Petitioner requests $46,232.90 in attorneys' fees and $14,625.01 in attorneys' costs, totaling $60,791.81 in attorneys' fees and costs. Petitioner's Motion at 3.

On December 14, 2017, respondent filed a response to petitioner's motion for attorneys' fees and costs. Respondent's Response (ECF No. 39). Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. *Id.* at 2. Respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. This matter is now ripe for adjudication.

I have reviewed the motion for fees and costs and the supporting documentation. In my experience, the request generally seems reasonable. Petitioner's hourly rates, time expended, and the majority of her costs appear reasonable and well-documented. These will not be adjusted.

However, I do find it necessary to adjust the award to petitioner's medical expert. The Vaccine Act's "reasonableness" requirement applies to both attorneys' fees and to costs, including expert fees. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992). Like attorneys' fees, reasonable expert fees are determined using the lodestar method, in which a reasonable hourly rate is multiplied by a reasonable number of hours. Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 779 (2013). To determine an expert's reasonable hourly rate, the special master typically considers factors similar to those considered for an attorney, including the "area of expertise; the education and training required to provide necessary insight; the prevailing rates for other comparably respected available experts; the nature, quality, and complexity of the information provided; [and] the cost of living in the expert's geographic area." Sabella, 86 Fed. Cl. at 206 (internal citations omitted). "Petitioner has the burden of providing the foregoing information concerning expert fees." *Id.* Even in consideration of these factors, special masters have declined to award more than $500 an hour to expert witnesses in the Vaccine Program. See, e.g., Rosof v. Sec'y of Health & Human Servs., No. 14-766v, 2017 WL 1649802 (Fed. Cl. Spec. Mstr. March 31, 2017) (Chief Special Master Dorsey indicating that $500 is "rare" and that she was not prepared to go further); Green v. Sec'y of Health & Human Servs., No. 15-1447V, 2017 WL 6336776 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (in which I agreed with Chief Special Master Dorsey).

In this case, petitioner's expert, Dr. Sami Khella, requests $690/ hour for 7.6 hours of work, for a total request of $5,244.00. Dr. Khella is a highly qualified neurologist with experience in the Vaccine Program. In this case, after his opinion was filed, respondent indicated his willingness to explore informal resolution. Dr. Khella's opinion likely facilitated the informal resolution and successful outcome for petitioner. The hours expended seem

reasonable. However, the requested hourly rate is unreasonable. Petitioner, her counsel Ms. Gallagher, and Dr. Khella have not established that he should be entitled to a rate exceeding the recognized upper limit for experts in the Vaccine Program. Indeed, Special Master Millman has recently denied the same request from Ms. Gallagher and Dr. Khella, instead awarding him $500/ hour. Johnson v. Sec'y of Health & Human Servs., No. 15-447V, 2017 WL 2811126 (Fed. Cl. Spec. Mstr. July 31, 2017). I agree with this course of action and will award the same rate to Dr. Khella.

In accordance with the above, I find that petitioner is entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---|
| ***Total Attorneys' Fees*** | ***$46,232.90*** |
| *Expert Witness - Dr. Khella   ($500 x 7.6 hours =)* | $ 3,800.00 |
| *Life Care Planner – Dr. Cook* | $ 8,800.00 |
| *Filing Fee, Medical Records, Medical Literature, Postage* | $    581.01 |
| ***Total Attorneys' Costs*** | ***$13,181.01*** |
| **Total Attorneys' Fees and Costs** | **$59,413.91** |

I hereby award the following:

1) **A lump sum in the amount of $59,413.91, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Carol L. Gallagher, of Carol L. Gallagher Esq., LLC.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.